JACOBUS, J.,
concurring specially.
I agree that the final judgment should be affirmed. I write to address the other issue raised by Mr. Fischer. He contends the trial procedure was akin to a strong-arm mediation and violated due process. There is some merit to this argument. Throughout the proceedings, the trial court asked persistent and pointed questions directed at getting the parties to pinpoint the issues upon which they agreed and those upon which they disagreed. The trial court would then entertain evidence, testimony, and argument on the disputed issues as they were identified. The parties never objected to this unconventional procedure, and it is impossible to tell from a cold record whether they acquiesced to it at the time. Thus, any error is unpreserved. Since the parties did have the opportunity to present testimony, evidence, and argument on disputed issues, there was no fundamental error or deprivation of due process.
While Mr. Fischer is entitled to no appellate relief on this unpreserved issue, the unconventional trial procedure used in this case should be discouraged because it hinders appellate review. The orderly presentation of evidence is necessary to create a coherent appellate record. The more traditional procedure in a nonjury trial is for the trial court first to inquire as to any stipulations or preliminary matters; next to allow the parties to present opening statements; then to permit the parties to present their evidence, starting with the *728 petitioner’s case-in-chief; and finally to give each party an opportunity to make closing arguments. This type of traditional procedure should be utilized in the typical case because it enables the parties to fully present their case and develop a complete record for appeal. See § 90.612, Fla. Stat. (2010).